UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

VANESSA MCALMON, on *behalf of herself and all other employees similarly situated*,

                          Plaintiff,

       v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION and COLER-GOLDWATER SPECIALTY HOSPITAL AND NURSING FACILITY,

                          Defendants.

------------------------------------------------------------ x

12 Cv. 1186 (LTS)

**ANSWER TO THE AMENDED COMPLAINT'S FLSA CLAIM**

Defendants, the NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC") and COLER-GOLDWATER SPECIALTY HOSPITAL AND NURSING FACILITY ("Coler-Goldwater") (collectively, "defendants") by and through their attorney, **Michael A. Cardozo**, Corporation Counsel of the City of New York, for their answer to the amended complaint's FLSA claim respectfully allege as follows[1]:

1. Deny the truth of the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to proceed as set forth therein.

2. Deny the truth of the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to establish the jurisdiction of this court as set forth therein.

---

[1] Defendants have moved to dismiss plaintiff's New York Labor Law claim and therefore are not at this time responding to the allegations in the amended complaint that are directed to such claim. Defendants reserve their rights to respond and file an answer to the state law claims and to assert all defenses to such claims should their motion be denied.

1

3. Deny the truth of the allegations set forth in paragraph "3" of the amended complaint, expect admit that plaintiff seeks to invoke the supplemental jurisdiction of this court as set forth therein, and affirmatively state that defendants have moved to dismiss plaintiff's state law claim.

4. Deny the truth of the allegations set forth in paragraph "4" of the amended complaint, except admit that HHC has offices in the Southern District of New York and that the venue of this court is appropriate.

5. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to paragraphs "4" through and including "13" of the amended complaint that are directed to the state law claim.

6. Deny the truth of the allegations set forth in paragraph "A.5 " of the amended complaint, except admit that Coler-Goldwater is an HHC facility.

7. Deny the truth of the allegations set forth in paragraph "A.6" of the amended complaint, except admit that HHC and its facilities comprise an integrated healthcare delivery system.

8. Deny the truth of the allegations set forth in paragraph "A.7" of the amended complaint, except admit that that HHC facilities include 11 acute care hospitals, four skilled nursing facilities, six large diagnostic and treatment centers and more than 70 community based clinics and that HHC has approximately 37,000 employees.

9. Deny the truth of allegations set forth in paragraph "A.8" of the amended complaint, except admit that Coler-Goldwater is an HHC facility located on Roosevelt Island, New York.

10. Deny the truth of the allegations set forth in paragraph "A.9" of the amended complaint, and respectfully refer the court to the statutory authority cited to therein for a complete and accurate statement of its contents.

11. Deny the truth of the allegations set forth in paragraph "A. 10" of the amended complaint and respectfully refer the court to the statutory authority cited to therein for a complete and accurate statement of its contents.

12. To the extent that paragraph "A.11" of the amended complaint purports to set forth a statement of law, no response is necessary by defendants. To the extent a response is required, defendants deny the allegations.

13. To the extent that paragraph "A.12" of the amended complaint purports to set forth a statement of law, no response is necessary by defendants. To the extent a response is required, defendants deny the allegations.

14. Deny the truth of the allegations set forth in paragraph "A.13" of the amended complaint and respectfully refer the court to the authority cited therein for a complete and accurate statement of its contents.

15. Deny the truth of the allegations set forth in paragraph "A.14" of the amended complaint.

16. Deny the truth of the allegations set forth in paragraph "A.15" of the amended complaint, except admit that HHC's website states that HHC is "one of the largest municipal healthcare organizations in the country."

17. Deny the truth of the allegations set forth in paragraph "A.16" of the amended complaint, except admit that HHC's website describes HHC as a "$6.7 billion integrated healthcare delivery system."

18. Deny the truth of the allegations set forth in paragraph "A.17" of the amended complaint, except admit that job opportunities available at the various HHC facilities are posted on-line on the HHC website.

19. Deny the truth of the allegations set forth in paragraph "A.18" of the amended complaint, except admit that HHC is an integrated healthcare delivery system.

20. Deny the truth of the allegations set forth in paragraph "A.19" of the amended complaint, except admit that HHC has certain functions that are centralized throughout the Corporation, in whole or in part, and other functions that are handled discretely by each facility.

21. Deny the truth of the allegations set forth in paragraph "A.20" of the amended complaint, except admit that that HHC has a board of directors and respectfully refer the court the New York City Health and Hospitals Corporation Act (the "HHC Act"), N.Y. Unconsol. Laws §§7381 *et seq.* for a complete and accurate statement regarding HHC's enabling legislation.

22. Deny the truth of the allegations set forth in paragraph "A.21" of the amended complaint and respectfully refer the court to the HHC Act for a complete and accurate statement regarding HHC's enabling legislation.

23. Deny the truth of the allegations set forth in paragraph "A.22" of the amended complaint, except admit that HHC is an integrated healthcare delivery system.

24. Deny the allegations set forth in paragraph "A.23" of the amended complaint, except admit that plaintiff McAlmon was employed by HHC at the Coler-Goldwater facility. As defendants have moved to dismiss plaintiff's state law claim defendants are not at this time responding to the allegation directed to Class Members.

25. Deny the truth of the allegations set forth in paragraph "A.24" of the amended complaint.

26. Deny the truth of the allegations set forth in paragraph "A.25" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim and therefore are not at this time responding to the allegation directed to Class Members.

27. Deny the truth of the allegations set forth in paragraph "A.26" of the amended complaint, except admit that HHC facilities comprise an integrated healthcare delivery system.

28. Deny the truth of the allegations set forth in paragraph "A. 27" of the amended complaint.

29. Deny the truth of the allegations set forth in paragraph "A.28" of the amended complaint.

30. Deny the truth of the allegations set forth in paragraph "A.29" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim and therefore are not at this time responding to the allegation directed to Class Members.

31. Deny the truth of the allegations set forth in paragraph "A.30" of the amended complaint.

32. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to paragraphs "A.31" through and including paragraph "A.58" of the amended complaint which are directed to plaintiff's state law claim.

33. Deny the truth of the allegations set forth in paragraph "B.59" of the amended complaint, except admit that plaintiff Vanessa McAlmon was employed by HHC. Defendants have moved to dismiss plaintiff's state law claim and therefore are not at this time responding to plaintiff's allegations regarding her state law claim.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "B.60" of the amended complaint, except admit that at one time plaintiff McAlmon worked at Coler-Goldwater as a licensed practical nurse ("LPN").

35. Deny the truth of the allegations set forth in paragraph "B.61" of the amended complaint, except admit that the duties and responsibilities of an LPN include providing patient care activities and supportive nursing care to patients within an assigned unit.

36. Deny the truth of the allegations set forth in paragraph "B.62" of the amended complaint, except admit that LPN's must be duly licensed or otherwise authorized to practice as a Licensed Practical Nurse in the State of New York.

37. Deny the truth of the allegations set forth in paragraph "B.63" of the amended complaint, except admit that LPN's must be duly licensed or otherwise authorized to practice as a Licensed Practical Nurse in the State of New York.

38. Admit the allegations set forth in paragraph "B.64" of the amended complaint with respect to the FLSA allegation. Defendants do not respond to plaintiff's allegation regarding her state law claim, as defendants have moved to dismiss such claim.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "B.65" of the amended complaint.

40. Deny the truth of the allegation set forth in paragraph "B.66" of the amended complaint.

41. Deny the truth of the allegation set forth in paragraph "B.67" of the amended complaint.

42. Deny the truth of the allegations set forth in paragraph "B.68" of the amended complaint, except admit that the terms and conditions of McAlmon's employment were

governed, in part, by the collective bargaining agreement between 1199SEIU and HHC applicable to licensed practical nurses.

43. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations set forth in paragraphs "B.69" through and including paragraph "B.70" of the amended complaint which are directed to plaintiff's state law claim.

44. Deny the truth of the allegations set forth in paragraph "71" of the amended complaint except admit that HHC is one of the largest municipal healthcare organizations in the country, and one of the largest healthcare providers in the City of New York.

45. Deny the truth of the allegations set forth in paragraph "72" of the amended complaint, except admit that plaintiff McAlmon worked for a period of time as a licensed practical nurse.

46. Deny the truth of allegations set forth in paragraph "73" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

47. Deny the truth of the allegations set forth in paragraph "74" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

48. Deny the truth of the allegations set forth in paragraph "75" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed toward to Class Members.

49. Deny the allegations set forth in paragraph "76" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

50. Deny the truth of the allegations set forth in paragraph "77" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

51. Deny the truth of the allegations set forth in paragraph "78" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

52. Deny the truth of the allegations set forth in paragraph "79" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

53. Deny the truth of the allegations set forth in paragraph "80" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

54. Deny the truth of the allegations set forth in paragraph "81" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

55. To the extent that paragraph "82" of the amended complaint purports to set forth a statement of law, no response is necessary by defendants.

56. Deny the truth of the allegations set forth in paragraph "83" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

57. Deny the truth of the allegations set forth in paragraph "84" of the amended complaint. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations directed to Class Members.

58. Deny the truth of the allegations set forth in paragraph "85" of the amended complaint.

59. Deny the truth of the allegations et forth in paragraph "86" of the amended complaint, except admit that HHC requires that LPN's hold a license or otherwise be duly authorized to practice as an LPN in the State of New York.

60. Deny the truth of the allegations et forth in paragraph "87" of the amended complaint, except admit that HHC LPN's work under the supervision of a professional nurse.

61. Deny the truth of the allegations et forth in paragraph "88" of the amended complaint, except admit that LPN's work under the supervision of a professional nurse.

62. Defendants have moved to dismiss plaintiff's state law claim. As such, defendants are not at this time responding to the allegations set forth in paragraph "89" of the amended complaint that are directed to Class Members.

63. Deny the truth of the allegations set forth in paragraph "90" of the amended complaint.

64. Deny the truth of the allegations set forth in paragraph "91" of the amended complaint, except admit that defendants pay practices with respect to the plaintiff have at all times been in conformity with federal law. As defendants have moved to dismiss plaintiff's state law claim, no response is provided in connection with the allegations directed toward the state law claim.

65. Deny the truth of the allegations set forth in paragraph "92" of the amended complaint. As defendants have moved to dismiss plaintiff's state law claim, no response is provided in connection with the allegations directed toward the state law claim.

66. Deny the truth of the allegations set forth in paragraph "93" of the amended complaint. As defendants have moved to dismiss plaintiff's state law claim, no response is provided in connection with the allegations directed toward the state law claim.

67. Deny the truth of the allegations set forth in paragraph "94" of the amended complaint.

68. In response to paragraph "95" of the amended complaint, defendants repeat and reallege paragraphs "1" through "94" of this answer as if fully set forth herein.

69. Deny the truth of the allegations set forth in paragraph "96" of the amended complaint.

70. Defendants have moved to dismiss plaintiff's state law claims. As such, defendants are not at this time responding to the allegations set forth in paragraphs "97" through and including paragraph "98" of the amended complaint that are directed to the state law claim.

71. Deny the allegations in the WHEREFORE clause of the amended complaint, all subparagraphs inclusive.

## AS AND FOR A FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.[2]

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods.

---

[2] Defendants have not plead as an affirmative defense that Coler-Goldwater is not a suable entity, as plaintiff has agreed to amend her complaint to remove Coler-Goldwater as a defendant.

## AS AND FOR A THIRD DEFENSE

Plaintiff is estopped from asserting some or all of the claims asserted in the amended complaint because defendants' actions were based upon and in accordance with the governing collective bargaining agreements and the past practices established thereunder.

## AS AND FOR A FOURTH DEFENSE

Plaintiff has waived some or all of the claims asserted in the amended complaint by virtue of the collective bargaining agreements that govern the terms and conditions of her employment.

## AS AND FOR A FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust contractual remedies.

## AS AND FOR A SIXTH DEFENSE

Defendants have used all reasonable efforts to prevent uncompensated work from being performed and all reasonable efforts to inquire as to whether such work was being performed.

## AS AND FOR A SEVENTH DEFENSE

Defendants state, in the alternative if necessary, that if in fact it has failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimus*.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## AS AND FOR A NINTH DEFENSE

At all times, and in all manners, defendants acted in accordance with any and all duties and obligations that it may have had under the FLSA

## AS AND FOR A TENTH DEFENSE

Defendants state, in the alternative if necessary, and subject to proof through discovery, that part or all of any time that plaintiffs allege should be paid to themselves and/or allegedly similarly-situated employees, is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

## AS AND FOR AN ELEVENTH DEFENSE

Defendants state, in the alternative if necessary, that while the complaint does not identify any of the activities allegedly performed by plaintiff for which she claims that she was not paid, to the extent that those activities actually performed were not an integral and indispensable part of the plaintiff's principal activities of employment, they are not compensable under the FLSA.

## AS AND FOR A TWELFTH DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that HHC's pay practices complied with the FLSA.

## AS AND FOR A THIRTEENTH DEFENSE

Subject to proof through discovery, plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff is barred from recovery of some or all of the damages sought because they are not authorized by the FLSA.

## AS AND FOR A FIFTEENTH DEFENSE

Defendants have moved to dismiss plaintiff's state law claim and therefore are not at this time responding to the allegations in the amended complaint that are directed to such claim. Defendants reserve their rights to respond and file an answer to the state law claims and to assert all defenses to such claims should their motion be denied.

**WHEREFORE**, defendants respectfully request that the amended complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with such other and further relief as the Court deems appropriate.

Dated: New York, New York
      June 15, 2012

                      MICHAEL A. CARDOZO
                      Corporation Counsel of the City of New York
                      Attorneys for Defendants

                      By: _____/s/ Ashley Hale_____
                      Ashley Hale
                      Assistant Corporation Counsel
                      New York City Law Department
                      100 Church Street, Room 2-184
                      New York, New York 10007
                      (212) 788-1328
                      ahale@law.nyc.gov

12 CV 1186 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANESSA MCALMON, *on behalf of herself and all other employees similarly situated*,

Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION AND COLER-GOLDWATER SPECIALTY HOSPITAL AND NURSING FACILITY

Defendants.

### DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT'S FLSA CLAIM

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street; Room 2-184*
*New York, N.Y. 10007*

*Of Counsel: Ashley Hale*
*Tel: (212) 788-1328*
*2012-012287*

*Due and timely service is hereby admitted.*

*New York, N.Y.*........................................................................., *20...*

..................................................................................................... *Esq.*

*Attorney for*..............................................................................................